## THE FREDENSBRO.

District Court, E. D. Pennsylvania. April 23, 1927.

No. 63.

1. **Admiralty 5—Libel in personam and in rem by British corporation against steamship attached within court's jurisdiction, and Danish corporation owner thereof, held within court's jurisdiction.**

Libel in personam and in rem by British corporation against steamship attached within the jurisdiction of the court, and Danish corporation, her owner, *held* such as court in its discretion could properly take jurisdiction over.

2. **Admiralty 12—British corporation's libel in rem against Danish-owned vessel for recovery of freight held within court's jurisdiction.**

Where Danish-owned steamship was chartered by British corporation to take cargo of coal from Philadelphia to Belfast, Ireland, freight to be paid "in cash in London on com-

pletion of loading, without discount, and not to be returned if ship lost on passage," and where, after being loaded, ship sank in Delaware river, due to collision, *held*, suit in rem would lie against vessel, when raised, for return of freight money, as affecting jurisdiction of court in which vessel was attached.

3. **Admiralty 68—Libel brought on charter party held not subject to exception for failure to set out or attach copy thereof (admiralty rule 23).**

Libel in personam and in rem, brought on charter party to recover freight paid, *held* not subject to exception for failure to set out or have annexed copy of charter party, in view of admiralty rule 23, permitting amendment.

4. **Shipping 39(7)—Arbitration clause in charter party held not to oust court of jurisdiction of libel to recover freight paid (United States Arbitration Act [9 U. S. C. A. §§ 2–4, 8]).**

Charter party providing, "Any question arising under this charter party shall be referred to arbitration in London in the customary manner," *held* not to oust court of jurisdiction of libel to recover freight paid, in view of United States Arbitration Act, §§ 2–4, 8 (9 U. S. C. A. §§ 2–4, 8), permitting either party to avail itself of the arbitration clause.

In Admiralty. Libel by John Kelly, Limited, against the steamship Fredensbro, her engines, etc., and A/S Det Oeversoiske Compagnie. On exceptions to libel. Exceptions dismissed.

Fraley & Paul, of Philadelphia, Pa., for libelant.

William J. Conlen, of Philadelphia, Pa., for respondents.

THOMPSON, District Judge. The Fredensbro is a vessel owned by A/S Det Oeversoiske Compagnie, a Danish corporation. John Kelly, Limited, a corporation of Great Britain and Ireland, the libelant, entered into a contract of charter party in writing dated September 24, 1926, wherein the respondent corporation agreed to load upon the steamship Fredensbro at the port of Philadelphia, and deliver at Belfast, Ireland, a cargo of coal, freight to be paid, at the rate of 25 shillings per ton of 20 hundred weight, "in cash in London on completion of loading, without discount, and not to be returnable if ship lost on passage."

The libel sets out the loading and shipment on October 27, 1926, upon the Fredensbro at Philadelphia of 3,972 tons of coal and the payment of freight in cash in London on completion of the loading in the sum of £4,965. It is averred that the Fredensbro on the same day was in collision with the steamship Manchester Shipper in the Delaware river, and as a result the Fredensbro sank,

resulting in the loss of a part of the cargo of coal and severe damage to the balance of the cargo, resulting in a total loss of the value of the cargo, subject to salvage. The libelant claims a return of the freight moneys paid in the total sum of $24,162.17.

The Fredensbro, having been raised, was attached by process of foreign attachment. The master of the vessel, Jens Martin Olsen, specially appearing, without admitting the jurisdiction of the court, filed a claim as bailee of the vessel, and proctors for the claimant and the respondent entered a special appearance, for the sole purpose of questioning the jurisdiction of the court, and filed exceptions to the libel.

[1] The first ground of exception is that, the plaintiff and respondent being corporations of Great Britain and of Denmark, respectively, and neither a resident nor citizen of the United States, and no facts being set forth showing that the parties cannot settle their difficulties in their own courts, this court should not take jurisdiction. The suit is brought upon a charter party, a maritime contract. The action is in personam and in rem. The Fredensbro is, or was at the time of the filing of the libel, and at the time of the attachment, within the jurisdiction of this court.

Unless the exceptants' contention that a libel in rem will not lie for recovery of freight money is sound, the ruling of 'Mr. Justice Story in The Jerusalem, 2 Gall. 191, Fed. Cas. No. 7,293, justifies the court in the exercise of its discretion in taking jurisdiction of the suit. In citing the above case in The Belgenländ, 114 U. S. 355, 366, 5 S. Ct. 860, 865 (29 L. Ed. 152) Mr. Justice Bradley said:

"In this case Justice Story examined the subject very fully, and came to the conclusion that, wherever there is a maritime lien on the ship, an admiralty court can take jurisdiction on the principle of the civil law that in proceedings in rem the proper forum is the locus rei sitæ. He added: 'With reference, therefore, to what may be deemed the public law of Europe, a proceeding in rem may well be maintained in our courts, where the property of a foreigner is within our jurisdiction. Nor am I able to perceive how the exercise of such judicial authority clashes with any principles of public policy.' That, as we have seen, was a case of bottomry, and Justice Story, in answer to the objection that the contract might have been entered into in reference to the foreign law, after showing that such law might be proven here, said: 'In respect to maritime contracts, there is still less reason to decline the jurisdiction, for in almost all civilized countries these are in general substantially governed by the same rules.'"

In addition to the presence of the vessel within the jurisdiction, there is the further circumstance that, as a result of the collision between the Fredensbro and the Manchester Shipper, the owners of the latter and the owners of the cargo of the Fredensbro have libeled the Fredensbro, and testimony of witnesses has been and is being taken in those cases within this district. The parties are of different nationality, have no common forum, and the testimony taken may be pertinent to the instant suit.

[2] It is the contention of the exceptants that a suit in rem will not lie for the return of freight money paid in advance under the terms of the charter party. The facts set out in the libel are not similar to those in Israel v. Moore & McCormack Co. (D. C.) 295 F. 919, cited by the exceptants. There the libelant had voluntarily paid the entire freight money for a cargo, part of which, unknown to the shipper had been jettisoned during the voyage. Under those circumstances Judge Hand held that, if the libelant was entitled to recover at all, it was by an action at law in quasi contract. Neither is the exceptants' contention supported by The Pennsylvania (C. C. A.) 154 F. 9, where the suit was not upon a charter party, but upon a contract of the charterer of a vessel for the transportation of passengers, and for conducting a school on the ship, in which the ordinary subjects studied by the boys and fitting them for college should be taught. The libel was dismissed, because the contract was not purely maritime, but of a mixed nature.

[3] A second subject of exception is that, while it appears that the libel is brought on a charter party, the charter party is not set out in the libel, and no copy is annexed. A copy is attached to exceptive allegations of Olsen, which, it is not disputed by the libelant, is a true copy. While the better practice is, where a cause of action is based upon a written contract, to set out the contract in full, the libel will not be dismissed upon that ground, for the libel may be amended on motion at any time before final decree under admiralty rule 23.

[4] The exceptants further object that the charter party provides "any question arising under this charter party shall be referred to arbitration in London in the customary

manner." The exceptive averments set up that the charter party was made in Great Britain, that the libelant is a British subject, and that the law of Great Britain provides that "a submission, unless a contrary intention is expressed therein, shall be irrevocable, except by leave of the court or a judge, and shall have the same effect in all respects as if it had been made an order of court."

Prior to the passage of the United States Arbitration Act (43 Stat. 883 [U. S. C. A. title 9]), an arbitration clause in a contract did not oust the jurisdiction of the courts, if either party to the contract brought suit. Scott v. Avery, 5 H. of L. Cases, 811; Insurance Co. v. Morse, 20 Wall. 445, 22 L. Ed. 365; Doyle v. Continental Insurance Co., 94 U. S. 535, 24 L. Ed. 148; U. S. Asphalt Co. v. Trinidad Lake Co. (D. C.) 222 F. 1006. By section 2 of the Arbitration Act, a written provision that any maritime transaction or contract to settle by arbitration controversies arising out of such contract is declared valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. By section 3, it is provided that the courts, in any suit or proceeding upon any issue referable to arbitration under an agreement in writing, shall, on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. By section 4, it is provided:

"The hearing and proceedings under such agreement shall be within the district in which the petition for an order directing such arbitration is filed."

Section 8 provides as follows:

"If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

It is apparent, therefore, that the agreement to arbitrate contained in the charter party does not oust the jurisdiction of this court. In view of the fact that the res is within the jurisdiction of the court, that the witnesses are within the jurisdiction, that either party may avail itself in the suit of the arbitration clause, in accordance with the United States Arbitration Act, I fail to see any sound reason why the court should not take jurisdiction.

The exceptions are dismissed.