## DANIELSEN v. ENTRE RIOS RYS. CO., Limited, et al.

District Court, D. Maryland. October 21, 1927.

No. 1463.

**1. Admiralty ⟷5—Whether admiralty court will take jurisdiction of suits between foreigners is within its discretion, and such suits will ordinarily be entertained.**

Whether admiralty court will take jurisdiction of suits between foreigners is matter entirely within its discretion, and such suits will be entertained, unless some special reason is shown why court should deny its aid.

**2. Shipping ⟷39(7)—Foreign arbitration under agreement in charter party is not condition precedent to admiralty court's jurisdiction of libel based on such charter party (United States Arbitration Act, §§ 2–4, 8 [9 USCA §§ 2–4, 8]).**

Foreign arbitration under agreement in charter party is not condition precedent to assumption by admiralty court of jurisdiction of libel based on such charter party, notwithstanding United States Arbitration Act, §§ 2–4 (9 USCA §§ 2–4), though proceedings may be stayed till foreign arbitration is perfected, as provided by section 8 of the act (9 USCA § 8).

In Admiralty. Libel in personam by Bernard Danielsen, master of the steamship Truth, against the Entre Rios Railways Company, Limited, and another. Respondents' exceptions overruled.

George Forbes, of Baltimore, Md., for libelant.

M. Maurice Meyer, of Baltimore, Md., for respondents specially.

COLEMAN, District Judge. In this case the master of a Norwegian vessel entered into a charter party in London with the agents of South American charterers, for the carriage of coal from the port of Baltimore, or a nearby port, to South America. The charterers were to notify the master before arrival at just what port he should load. The charter contained a clause providing that "any question arising under this charter shall be referred to arbitration in London in the customary manner."

The charterers failed to notify the master before arrival as to where he should load, so that he was forced to remain at Norfolk for a day awaiting orders, which were to proceed to Baltimore to load, as he did. He now claims to have been damaged by the delay, and has filed this libel in personam, with clause of foreign attachment, against the charterers for $555.76.

The respondents except upon two grounds: First, that arbitration as provided for in the charter party is a condition preced-

ent to assumption by this court of jurisdiction; second, that all the parties to this proceeding being foreigners, they are not entitled, as a matter of right, to be heard by this court.

[1] Turning first to the second exception, it is clear that whether an admiralty court will take jurisdiction of suits between foreigners is a matter entirely within its discretion, and such suits will be entertained, unless some special reason is shown why the court should deny its aid. Panama R. Co. v. Napier Co., 166 U. S. 280, 285, 17 S. Ct. 572, 41 L. Ed. 1004; The Belgenland, 114 U. S. 335, 5 S. Ct. 860, 29 L. Ed. 152; The Pesaro, 255 U. S. 216, 41 S. Ct. 308, 65 L. Ed. 592; The Fredensbro (D. C.) 18 F.(2d) 983, 1927 A. M. C. 1238; Dominion Combing Mills v. Canadian Pacific Ry. (D. C.) 300 F. 992. No special reason is here shown, other than the matter of arbitration, which is considered under the first exception below.

[2] The first exception calls for a careful consideration of the effect of the federal Arbitration Act of 1925 (43 Stat. 883 [9 USCA]), which has only been before the courts in two reported cases. The Silverbrook (D. C.) 18 F.(2d) 144; The Fredensbro (D. C.) 18 F.(2d) 983. The respondent seeks to invoke this act to oust the jurisdiction of the court.

Prior to the act, the law was well settled that agreements for arbitration would not be allowed to oust the jurisdiction of the federal courts. Therefore no effect was given to them, even though they might be recognized as valid. U. S. Asphalt Co. v. Trinidad Lake Petroleum Co. (D. C.) 222 F. 1006; Aktieselskabet-Korn-Og, etc., v. Rederiaktiebolaget (D. C.) 232 F. 403; The Eros (C. C. A.) 251 F. 45; The Atlanten, 252 U. S. 313, 40 S. Ct. 332, 64 L. Ed. 586.

The Arbitration Act is entitled "An act to make valid *and enforceable* written provisions or agreements for arbitration of disputes arising out of contracts, maritime transactions, or commerce among the states or territories, or with foreign nations." Section 2 (9 USCA § 2) provides that "a written provision in *any* maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, *shall be valid, irrevocable, and enforceable,* save upon such grounds as exist at law or in equity for the revocation of any contract." Section 3 (9 USCA § 3) provides that "if *any* suit or proceeding be brought in any of the courts of the United States upon *any* issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had *in accordance with the terms of the agreement,* providing the applicant for the stay is not in default in proceeding with such arbitration." (Italics inserted.)

The language of these sections makes it evident that the intent of Congress was to change the existing rule and make contracts for arbitration *effectual.* This was well pointed out in The Silverbrook (D. C.) 18 F.(2d) 144, 146, where an outline of the history of the legislation is given, although the court there refused a stay of trial, holding that the act had no application to contracts for arbitration performable outside the United States. Such a holding seems erroneous under the broad language of section 3, granting that section 4 (9 USCA § 4) of the act limits the jurisdiction of the court *to order* arbitration in connection with agreements performable within the United States. We are not here concerned with this latter question, but merely with the assumption of jurisdiction. In The Fredensbro (D. C.) 18 F.(2d) 983, it was held, in regard to a clause precisely the same as in the present case, that it did not form a basis for excepting to the jurisdiction of the court. This is certainly correct by section 8 (9 USCA § 8), which provides that, "if the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, *the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."* (Italics inserted.)

The effect of the act then seems to be that it requires the courts to stay trial, upon motion of one of the parties, until arbitration is had, and to order arbitration if, as provided in section 4, "the hearing and proceedings under such agreement shall be within the district in which the petition for an order direct-

ing such arbitration is filed." In other words, there is nothing in the Act which indicates that, although the arbitration provided for may be beyond the jurisdiction of the court, this shall forestall or in any way curtail jurisdiction which the court would normally have of maritime suits. On the contrary, as is seen from the language of the sections of the act above quoted, it is contemplated that the proceedings may be brought in the usual manner and jurisdiction over the arbitration assumed if the arbitration provided for is to take place within the court's jurisdiction; if not, then the proceedings shall be stayed until the foreign arbitration is perfected, whereupon the court has power to enter a decree upon the award. That is to say, the only limitation imposed upon the court is a stay pending the perfection of what cannot be accomplished within the jurisdiction of the court, and such a stay is to be clearly distinguished from prohibition against assumption of jurisdiction in the first instance.

This construction seems to be further borne out by the fact that the express purpose of the act is to deal with disputes in matters not merely of domestic, but of foreign, business, commerce "with foreign nations," which implies that the incident of such commerce which the act validates—that is arbitration—may occur in foreign places.

The exceptions are therefore overruled.