## THE VOLSINIO.

District Court, E. D. New York. February 8, 1929.

No. 11102.

Bigham, Englar & Jones, of New York City, for L. De Simone.

Harry D. Thirkield, of New York City, for libelant.

CAMPBELL, District Judge. This is a motion for an order directing the parties to proceed to arbitration and staying further proceedings herein until the conclusion of the arbitration.

The libel, filed on August 1, 1928, by Czarnikow Rionda Company against the steamship Volsinio, alleged nondelivery by a common carrier, in the same good order and condition as when shipped at Manati (Cuba) of 48,624 bags of sugar, shipped in good order and condition, consigned to the libelant at Marseilles, and there to be delivered in the same good order and condition as when shipped, and prayed damages of $6,000.

No answer has been interposed, but it is conceded that libelant and the owners of the steamship Volsinio signed a charter party, which contained the following clause:

"Any dispute that may arise under this Charter to be settled by arbitration, each party appointing an Arbitrator, and should they be unable to agree, the decision of an Umpire selected by them to be final. The Arbitrators and Umpires are all to be commercial men and resident in London, and the arbitration to take place there. This submission may be made a rule of the High Court of Justice in England by either party."

Claimant bases this motion on the provisions of section 3 of the United States Arbitration Act of February 12, 1925, 43 Stat.

L. 883 (9 USCA § 3), which reads as follows:

"Sec. 3. That if any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the' trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Even if the Arbitration Act, supra, applies in the case at bar, this court has jurisdiction. See section 8 of the Arbitration Act, supra (9 USCA § 8), which reads as follows:

"Sec. 8. That if the basis of jurisdiction be a cause of· action otherwise justifiable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

I disagree with Judge Burns' decision in The Silverbrook (D. C.) 18 F.(2d) 144, 146, in which the commerce was between the United States and England, and I agree with Judge Coleman's decision In Danielsen v. Entre Rios Rys. Co. (D. C.) 22 F.(2d) 326, in which the commerce was between the United States and South America, but I do not think either is in point, because, as I construe the Arbitration Act, supra, section 1 (9 USCA § 1) of which reads as follows: "That 'maritime transactions' as herein defined, means charter parties, bills of lading of water carriers, agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any other matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction; 'commerce,' as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of ·Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce," it does not apply to the instant suit, in which the commerce was between two foreign nations.

That the transaction now under consideration is a "maritime transaction," as defined by the act, cannot be questioned, but that it is not "commerce," as defined by the act, seems equally clear. ·

The shipment alleged in the libel in the instant suit was not "commerce among the several States or with· foreign nations, or in any Territory of 'the United States, or in the District of Columbia, or between any such Territory and another, or between any such Territory. and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation," but was commerce between two foreign nations only, and therefore the Arbitration Act, supra, does not apply.

The fact that the charter party was entered into in the city of New York, between a New'York corporation (the libelant) and a Genoese shipowner, and .the providing in the charter party for the payment of a commission on the gross amount of freight to New York shipbrokers, did not constitute engaging in "commerce among the several states or with foreign nations."

No cargo was shipped from any state of the United States to another,–nor from any such state to a foreign country, nor was any cargo consigned to, or brought into, any state · of the United States from any other such state or foreign country.

The drawing of a charter party in this country for shipments between foreign countries, even though a commission be paid here on the freight to be carried, is not engaging in commerce, as defined in section 1 of the Arbitration Act,'supra.

The motion is denied.

## On Motion to Permit Filing of Exceptive Allegations.

This is a motion for an order allowing the filing of exceptive allegations in this proceeding and providing for the framing of issues on the said exceptive allegations.

The motion, it seems to me, should not be granted, because none of the exceptive allegations refer to matters of fact within the knowledge of the court, nor are they matters of record, except in so far as they relate to the arbitration clause of the charter party.

Benedict on Admiralty (5th Ed.) pp. 404, 405.

It certainly seems contrary to all decisions that have been called to my attention that libelant should be compelled to answer unverified allegations which contradict the allegations of the libel, the only sworn pleading before the court, or state as facts matters of which the court can have no knowledge.

The so-called exceptive allegations are not pleas in bar nor pleas to jurisdiction, but matters which should be raised by answer, as I have in an opinion filed herewith held that the United States Arbitration Act did not apply in the instant suit, and, that being the case, the libelant is not obliged to plead compliance with the arbitration clause.

The motion is denied.