### Ex parte DE SIMONE.

Circuit Court of Appeals, Second Circuit.
December 2, 1929.

No. ——.

Bigham, Englar, Jones & Houston, of New York City (T. Catesby Jones and James W. Ryan, both of New York City, of counsel), for the motion.

Harry D. Thirkield, of New York City, in opposition.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM. A libel in rem in admiralty was filed in the district court by Czarnikow-Rionda Company, a New York corporation, against the Italian steamship Volsinio, to recover for damage to a shipment of sugar during its transportation by the steamship from a port in Cuba to a port in France. The master of the steamship filed a claim to the vessel on behalf of her Italian owners and a stipulation for value for her release. Thereafter and before answer he sought by various motions, of which the details need not be specified, to procure a stay of further proceedings until arbitration should be had in accordance with the agreement of the parties contained in the contract of affreightment. He asserts a right to such a stay by virtue of section 3 of the United States Arbitration Act (43 Stat. 883 [9 USCA § 3]). The District Court held that the United States Arbitration Act did not apply for reasons stated in its opinion which appears under the title of The Volsinio, 32 F. (2d) 357.

Upon the motion, the correctness of the district court's construction of the Arbitration Act and the question of our jurisdiction to correct it by writ of prohibition or mandamus were seriously disputed. Neither of these questions, however, need be decided. The Arbitration Act was approved February 12, 1925, and section 15 (43 Stat. 886, 9 USCA § 15) thereof provides:

"* * * This act shall take effect on and after the 1st day of January next after its enactment, but shall not apply to contracts made prior to the taking effect of this act."

The contract of the parties bears date December 15, 1925; consequently, it is apparent that the Arbitration Act can not apply to it and the interesting questions presented upon the argument are moot. Accordingly the writ is denied.