## PARAMOUNT·FAMOUS LASKY CORPORATION v. NATIONAL THEATRE CORPORATION.

### No. 3090.

Circuit Court of Appeals, Fourth Circuit. April 13, 1931.

John L. Abbot, of Lynchburg, Va. (A. D. Barksdale and P. H. Hickson, both of Lynchburg, Va., on the brief), for appellant.

Broun & Price and A. C. Hopwood, all of Roanoke, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law in trespass on the case in assumpsit, brought in the District

Court of the United States for the Western District of Virginia. The appellant, plaintiff below, and which will be here referred to as plaintiff, filed its declaration against appellee, defendant below, and which will be here referred to as defendant, alleging a breach of contract for the distribution of certain motion picture films, or photoplays, which the plaintiff furnished, and for which the defendant agreed to pay. The defendant demurred to the declaration, alleging, among other things, that the plaintiff could not maintain the action because it had failed to comply with a condition precedent to suit, in that it had not submitted the matters in controversy to arbitration as provided in the contract.

The plaintiff contended that:

(1) An injunction of the United States District Court for the Southern District of New York, enjoining this plaintiff from proceeding to act under the arbitration clause of the contract, constituted vis major which relieved the plaintiff from complying with such provision of the contract before instituting the action.

(2) The defendant had waived its right to require plaintiff to comply with the condition, and that the defendant, by its conduct, relieved the plaintiff from submitting the controversy to arbitration.

(3) The condition could not be complied with, because the boards to which the matter was to be submitted for arbitration had ceased to function.

The court below held with the defendant's contention, sustaining the demurrer and striking out plaintiff's bill of particulars, and it is from this action that this appeal is prosecuted.

The United States brought suit in the District Court of the United States for the Southern District of New York, attacking the contract in question or a similar one on the ground that it was in violation of the Sherman Anti-Trust Act (15 USCA §§ 1–7, 15). In an able opinion, Judge Thacher of that court held the arbitration clause of the contract to be unlawful as being in violation of the Sherman Anti-Trust Act [United States v. Paramount Famous Lasky Corporation, 34 F. (2d) 984], and entered a decree enjoining the Paramount Famous Lasky Corporation, plaintiff here, from acting under the arbitration clause in the contract sued on. The opinion and decree of the District Court was affirmed by the Supreme Court of the United States (Paramount Famous Lasky Corporation v. U. S., 282 U. S. 30, 51 S. Ct. 42, 75 L. Ed. ——). In the decree, however,

the court clearly shows that its action was directed at the arbitration clause alone, and was not intended to affect the rest of the contract, and, among other things, the decree provided: "Nothing contained in this decree shall be construed as prohibiting any defendant * * * from performing and/or continuing to perform, or enforcing and/or continuing to enforce, by any lawful means, and contractual obligation, the performance or enforcement of which is consistent with the provisions of this decree."

The questions raised on this appeal are:

1. Is the plaintiff required by the contracts to submit the controversy here to arbitration before it can maintain the action, notwithstanding the injunction?

2. Does the injunction of the United States District Court for the Southern District of New York, enjoining the plaintiff from proceeding to act under the arbitration clause of the contracts, constitute vis major which relieves the plaintiff from complying with the provisions of the contract of arbitration, before instituting the action?

3. Has the defendant waived its right to rely on the failure of the plaintiff to propose arbitration before this action was brought?

4. Whether or not the contracts sued on are entire and indivisible.

The judge below sustained the demurrer on the ground that the arbitration provision was a condition precedent to the bringing of any suit on the contract, notwithstanding the injunction, which prevented arbitration, and based his opinion upon a number of authorities holding that, where the condition precedent to the bringing of suit was prevented from being carried out by some unlawful act of the parties seeking to set up the injunction as a reason for not carrying out the condition, the excuse or reason could not be availed of by the parties seeking to bring the action. An examination of the authorities relied upon by the court below shows that the act of the party making it impossible to carry out the condition precedent to suit was either a subsequent act or at least not the act itself of incorporating the unlawful condition in the contract sued upon. For instance, in 3 Williston on Contracts, § 1939, quoted by the judge below, the statement of the author unquestionably refers to the failure of the party to pay a debt, the thing happening after the contract was entered into. In Patton & Shaver v. Elk River Navigation Co., 13 W. Va. 259, the injunction was granted on ac-

count of the acts and default happening after the contract was entered into. In United States v. Van Fossen, 28 Fed. Cas. page 357, No. 16607, and a line of similar cases cited by the judge below (Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287, United States v. Marrin [D. C.] 170 F. 476), it was the voluntary act of the man enlarged on bail in going into another jurisdiction where he was arrested, and his own fault, that prevented him from answering on his bond. These cases are easily to be distinguished from the instant case, where a clause of the very contract itself entered into by both parties has been declared unlawful and enjoined. Certainly, it cannot be said, especially in view of the clause in the decree above quoted, exempting the rest of the contract from the taint of unlawfulness, that the whole contract is void, and that in case of breach by either party no remedy could be had.

The record also shows that, because of the injunction secured by the United States government, the machinery for arbitration set up in the contract had ceased to exist, and the rule that an act of law, due to the act or default of one of the parties, cannot be relied upon as an excuse for his nonperformance of the contract, has no application to the facts in this case. People v. Globe Mutual Life Ins. Co., 91 N. Y. 174; Kansas Union Life Ins. Co. v. Burman (C. C. A.) 141 F. 835, 848; Moller v. Herring (C. C. A.) 255 F. 670, 3 A. L. R. 624. See, also, 3 Williston on Contracts, p. 3295.

It would, therefore, seem, in view of the cases herein cited, that the proper rule of law is that, where the obligation itself is unlawful and cannot be performed, such performance should be excused, provided the contract is divisible and the remainder of the contract is lawful. It is certainly an anomalous situation in which this plaintiff finds itself under the ruling of the court below. It is enjoined from performing a condition precedent, but no relief is accorded it, because it does not perform the condition.

Again we think that the learned judge below was in error for another reason, and that is that the contract, as far as it related to the lawful and unlawful parts, was divisible. That this was the opinion of Judge Thacher, in the case of United States v. Paramount Famous Lasky Corporation, supra, is shown by the excerpt from his decree. That such a provision, as the one in question here, is separable from the rest of the contract, is borne out by a number of decisions. Western Union Telegraph Co. v. Pennsylvania Co. (C.

C. A.) 129 F. 849, 68 L. R. A. 968; Atlanten Case (D. C.) 232 F. 403; United States Asphalt Co. v. Trinidad Lake Petroleum Co. (D. C.) 222 F. 1006; The Eros Case (C. C. A.) 251 F. 45. As to the arbitration clause, see The Fredensbro (D. C.) 18 F.(2d) 983; Danielsen v. Entre Rios Rys. Co. (D. C.) 22 F.(2d) 326.

The authoritative rule as to separable or divisible contracts is laid down by Lord Mansfield, in Boone v. Eyrne, 6 Term Reports 573, as follows: "Where mutual covenants go to the whole of the consideration on both sides, they are mutual covenants; but where the covenants go only to a part and where a recompense may be had in damages, it is a different thing."

It has been expressly held that, where agreements in restraint of trade were unlawful in part, they were enforceable as to the parts that were not unlawful, and this holding runs back to the earliest authorities. Mallen et al. v. May, 11 M. & W. 653, 12 L. J. Ex. 376; Price v. Green, 16 M. & W. 346, 16 L. J. Ex. 108. See, also, Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187; Chicago, etc., Co. v. Pullman, etc., Co., 139 U. S. 79, 11 S. Ct. 490, 35 L. Ed. 97; McCullough v. Virginia, 172 U. S. 102, 19 S. Ct. 134, 43 L. Ed. 382.

In view of our conclusion on these points, it is not necessary to discuss the question raised as to whether the defendant had waived its right to rely on the failure of the plaintiff to propose arbitration. The action of the court below in sustaining the demurrer was erroneous, and the judgment is accordingly reversed.