**VITAGRAPH, Inc., v. THEATRE REALTY CO., Inc.**

**No. 15712.**

District Court, E. D. Pennsylvania.

April 28, 1931.

Cohen, Schweidel & Krekstein, of Philadelphia, Pa., for plaintiff.

George P. Aarons, of Philadelphia, Pa., for defendant.

DICKINSON, J.

The general fact situation is that the plaintiff is what is known as a distributor of motion picture films, and the defendant is an exhibitor of such pictures. The parties entered into a contract, the one to supply films and the other to pay for them. It is out of this contract that the questions to be now ruled arise. The question raised by the statutory demurrer is the very broad one of whether or not the contracts sued upon are void as against public policy, in that they are condemned by the act of Congress known as the Sherman Act (15 USCA § 1 et seq.). A primary question is suggested of whether the case is ripe for an adjudication upon the above question of whether the contracts are enforceable. This primary question is not whether the contracts will be found to be unenforceable when the facts upon which this judgment is based are developed, but the other question of whether we can assume the facts upon which a condemning judgment of the law would be based. This brings the primary question down to that of whether the demurrer is a speaking demurrer. The underlying question is, however, one which must be met and can be met as well now as at the trial of the case. We will, in consequence, assume a submission of the question by the parties upon the facts.

The plaintiff concedes that the contract is unenforceable in some of its features, but asserts that, notwithstanding this, the plaintiff may recover the contract price of the films which were supplied and accepted and used by the defendant. The fact appears on the face of the pleadings in their present state that films were thus supplied by the plaintiff, were accepted, and were used by the defendant. If this were the sole fact, the plaintiff would have a right of action on an implied assumpsit to pay the fair value of what was thus furnished and accepted. It would thus seem to follow that the only function of the contract is to change the cause of action from a quantum meruit to a contract price basis of recovery.

The experienced counsel for the plaintiff, starting with the admission that the contract in some of its features is inimical to the law and therefore void, urges that the "entire contract is not thereby void so as to preclude a recovery for a breach of its other provisions." Several cases are cited in support of this distinction. The distinction as such is undoubtedly sound, but it does not reach the real issue here. The contract calls upon the defendant, not merely to pay for the films, but to pay for them at the contract price. Had the defendant agreed to pay that price, the obligation would be clear. The defense set up, however, is that the defendants never so agreed. When confronted with the writing averred in the statement of claim to be the contract of the defendant, it says it is not its contract because it is nothing, being avoided by the policy of the law. The real defense is to be found in the feature that the plaintiff is in a position to control the trade of its customers. It says, in effect, you must sign this contract on the dotted line or go out of business. A contract includes the thought of the freedom of the contracting parties. It would be farcical to speak of freedom under such conditions. The proposition is, therefore, simply that a plaintiff cannot enforce a contract which is void because condemned by the law. We do not wish to be understood as laying down the proposition that a defendant who has, on request, been supplied with something of value can successfully set up the defense of a refusal to pay anything because the purchase transaction is evidenced by a contract containing features which are

unenforceable for the reason above stated. Whether the purchaser would be liable on a quantum meruit is a question not now before us, and hence not ruled. The sole question now raised is whether the plaintiff can enforce a contract which is not enforceable at law or in equity. The ruling made is that it cannot. So far as we have noticed, the statement of claim bases the cause of action wholly upon the contract, and it follows that if there is no contract the cause of action is without support.

We limit ourselves at this stage of the proceedings to the finding that the question of law raised by the demurrer should be decided in favor of the defendant. We do not enter judgment, because the plaintiff may ask leave to amend the statement of claim. The ruling made, moreover, is made upon the assumption that the facts upon which the contract has been condemned as one in violation of the Sherman Act are admitted by the plaintiff. Unless they are so admitted, they must be set up by an affidavit of defense to the fact merits of the plaintiff's claim, or otherwise brought upon the record. Counsel will doubtless be able to agree upon a form of order which will meet the situation. If they are not so able to agree, we will enter an appropriate order.

Leave to submit a formal order in accordance with this opinion is granted.

PER CURIAM.

And now, May 12, 1931, in accordance with the opinion filed, the court refuses to find the questions of law raised in favor of the defendant, because the facts upon which a ruling must be based do not appear of record. The defendant has leave to file an affidavit of defense to the fact merits within fifteen days, in accordance with the Pennsylvania Practice Act of 1915 (P. L. 483, § 12 [12 P. S. § 411]).