## THE AAKRE.

### CONTINENTAL GRAIN CO. v. LAMPORT & HOLT LINE, LIMITED.

District Court, S. D. New York.

Dec. 2, 1937.

Haight, Griffin, Deming & Gardner, of New York City, for petitioner.

Burlingham, Veeder, Clark & Hupper, of New York City, for respondent.

MANDELBAUM, District Judge.

Petitioner moves for an order pursuant to the United States Arbitration Act, 9 U.S.C.A. §§ 1–15, directing that arbitration between Continental Grain Company, petitioner, and Lamport Holt Line, Limited, respondent, proceed in the manner provided for in the arbitration agreement contained in the charter party entered into between the said parties. The matter sought to be arbitrated is an alleged dispute with respect to hire claimed to be due under said charter party for one trip of the motorship Aakre from Canadian to South American ports.

The respondent opposes this motion on the ground that the United States Arbitration Act does not by its terms apply to a charter for a trip between foreign ports, and, therefore, the arbitration is not enforceable by the machinery provided for in the act and is invalid and unenforceable since the act does not apply to it.

The problem therefore which confronts this court is the construction of sections 1, 2, and 4 of the United States Arbitration Act, 9 U.S.C.A. §§ 1, 2, and 4.

Section 1 reads as follows: " 'Maritime transactions,' as here defined, means charter parties, bills of lading of water carriers, * * * or any other matter in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction; 'commerce,' as herein defined, means commerce among the several States or with foreign nations."

Section 2 reads as follows: "A written provision in any maritime transaction

or a contract evidencing a transaction involving commerce."

The respondent supports its position by relying chiefly on the case of The Volsinio, D.C., 32 F.2d 357. In that case, Judge Campbell of the Eastern District of New York held that a shipment of sugar between foreign countries, though constituting a "maritime transaction" within section 1 of the Arbitration Act of February 12, 1925, 9 U.S.C.A. § 1, did not constitute "commerce" among the several states or with foreign nations within said section, and the Arbitration Act therefore did not apply thereto. An appeal to the Circuit Court of Appeals resulted in a denial of a writ of prohibition or mandamus and has left the question open. The Circuit Court of Appeals said that the correctness of the District Court's construction of the Arbitration Act did not have to be decided because the contract of the parties contained in the charter party antedated the effective date of the Arbitration Act and hence the act did not apply to it. The questions presented are therefore specifically held to be moot. See Ex parte De Simone, 2 Cir., 36 F.2d 773.

■ The arbitration of disputes may be deemed a most progressive step in the field of commercial activity. Both the state and federal arbitration statutes evidence this modern trend to resort to arbitration for the adjustment of disputes rather than the institution of legal proceedings and the accompanying delay and expense. The court will enforce the arbitration clause unless the same is clearly without the purview of the Arbitration Act.

■■ A close reading of the pertinent sections of the act impels the court to hold that the United States Arbitration Act governs and the dispute should proceed to arbitration pursuant to the terms of the agreement. Without attempting to draw any analogies between the arbitration clause involved in The Volsinio, supra, and the one at bar, one distinguishing feature is apparent. There, the clause provided for arbitration in London, while here the locus is fixed in New York. While not making this distinction the basis of my ruling, it is, in my opinion, debatable whether arbitration clauses calling for arbitration in foreign countries are governed by the United States arbitration statutes. Regardless of the aforesaid, I think a reading of sections 1 and 2 discloses that the language is framed in the disjunctive which, grammatically speaking, denotes an alternative. It says, section 1, "maritime transactions" *or* any other matter in foreign commerce. Also, section 2, any maritime transaction or a contract evidencing a transaction involving commerce.

Section 4 reads in part: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any court of the United States which, save for such agreement, would have jurisdiction under the judicial code at law, in equity, or in *admiralty* of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." (Italics by the court.)

Judge Learned Hand, writing for the Circuit Court of Appeals of the Circuit, in the case of Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004, 1006: "We have no doubt that the District Court had jurisdiction over the suit. A difficulty might arise if jurisdiction depended only upon the fact that the contract 'involved commerce,' that is, required shipment from one state to another; but the statute does not rest the court's power on that ground. * * * The text is entirely clear that the court must be one 'which, save for such agreement, would have jurisdiction * * * of the subject matter.' Section 4 of title 9 U.S.C.A. *The remedy is not even coextensive* with the jurisdisction; for instance, the controversy may arise between citizens of different states, and the contract not 'involve commerce.'" (Italics by the court.)

From the language of sections 1, 2, and 4 of the Arbitration Act, 9 U.S.C.A. §§ 1, 2, and 4, and upon the construction placed upon section 4 in the above-cited case, I am of the opinion that the matters contained in these sections are not dependent upon one another in order to confer jurisdiction on this court to compel arbitration. But one other question remains. Does the arbitration sought relate to a maritime transaction and a charter party or other matter in foreign commerce which would be embraced within admiralty jurisdiction? I believe the answer must be in the affirmative, since there is little doubt in my mind that had this suit been brought by the petitioner on the admiralty side of the court, there would be no question as to the validity of the jurisdiction of the court.

542

'Even in The Volsinio, supra, 32 F.2d 357, at page 358, Judge Campbell said: "That the transaction now under consideration is a 'maritime transaction,' as defined by the act, cannot be questioned."

In view of my ruling, the question of whether the transaction at bar involves "commerce" within the intendment of sections 1 and 2 need not be determined.

In accordance with these views, the respondent is directed to name its arbitrator in accordance with the terms of the charter party within five days from date of service upon it or its proctors with a copy of an order with notice of entry thereon. Both petitioner and respondent are directed to proceed to arbitration within ten days after respondent names the arbitrator or at such time thereafter as may be mutually agreed upon between the parties.

Settle order on two days' notice.