**NORTH PACIFIC INTERNATIONAL, INC., Petitioner,**

v.

**AMERICAN LINES/AMERICAN LINES, INC., Respondent.**

**No. 95 Civil 1322 (DAB).**

United States District Court, S.D. New York.

June 6, 1995.

---

**32**

Dolores Nolan O'Leary, Freehill, Hogan & Mahar, New York City, for petitioner.

Dennis R. Haber, Coral Gables, FL, for respondent.

## MEMORANDUM AND ORDER

BATTS, District Judge.

Petitioner has moved this Court for an Order compelling arbitration and ordering the Respondent to appoint an arbitrator. For the following reasons, the motion is granted.

On December 6, 1994, Petitioner and Respondent entered into a Contract of Transportation ("Contract") whereby Petitioner agreed to hire and Respondent agreed to let the M/V ZODIAK for an agreed rate. Petitioner alleges that there are sums of money due and owing under the Contract which Respondent has refused to pay. The final clause of the Contract states:

> In case of a dispute between the parties mentioned in this contract (Charterers and Owners), this dispute to be settled by Arbitration in New York. Charterers to nominate one arbitrator, as well as Owners, and said two arbitrators to nominate a third.

Thus, on February 2, 1995, petitioner named an arbitrator and demanded that Respondent do the same. To date, Respondent has failed to name its arbitrator.

The Federal Arbitration Act provides a remedy for a party acting to compel commencement of arbitration proceedings. In particular, Section 4 states that a "party aggrieved by the alleged failure . . . of another to arbitrate may petition any United States District Court which, save for such agreement, would have jurisdiction under Title 28." 9 U.S.C. § 4.

Respondent argues that Petitioner has not alleged an independent ground for jurisdiction in this Court, thereby rendering the Petition to compel arbitration deficient on its face. This argument is without merit, as admiralty jurisdiction exists. *See AAKRE,* 21 F.Supp. 540 (S.D.N.Y.1937).[1] In addition, Respondent's claim that New York is an inconvenient forum is insufficient to defeat Petitioner's motion, as the Contract contained a forum selection clause designating New York as the site for arbitration. *See The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). The Second Circuit has expressed a "strong policy" of enforcing forum selection agreements, *Weiss v. Columbia Pictures Television, Inc.,* 801 F.Supp. 1276, 1279 (S.D.N.Y.1992), and will do so "unless it can clearly be shown that enforcement 'would be unreasonable and unjust, or that the clause is otherwise invalid for such reasons as fraud or overreaching.'" *Bense v. Interstate Battery Sys. of Am., Inc.,* 683 F.2d 718, 721–22 (2d Cir.1982) (quoting *The Bremen,* 407 U.S. at 15, 92 S.Ct. at 1916), *accord Elite Parfums, Ltd. v. Rivera,* 872 F.Supp. 1269, 1271–72 (S.D.N.Y.1995). Respondent has failed to provide even a scintilla of evidence which could challenge the presumptive validity of the forum selection clause.

In light of the strong federal policy favoring arbitration, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983), Petitioner's motion is granted. Respondent is hereby ordered to appoint an arbitrator within fifteen days of the date of this Order.

SO ORDERED.

---

1. Jurisdiction based on diversity may also be present.