# THE ATLANTEN.[1]

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 171. Argued March 10, 1920.—Decided March 22, 1920.

A charter party provided that, should any dispute arise, it should be settled by referees, to be appointed by the captain and the charterers respectively, whose decision, or that of an umpire, should be final, and that any party attempting to revoke such submission to arbitration without permission of court should be liable to pay the estimated freight as liquidated damages. *Held,* that this could not be construed to apply where there was not merely a dispute in carrying out the contract but a substantial repudiation of it, by the shipowner's declining to go on with the voyage unless the freight rate were increased. P. 315.

A clause in a charter party: "Penalty for non-performance of this agreement to be proved damages, not exceeding estimated amount of freight," *held* inapplicable where the shipowner substantially

---

[1] The docket title of this case is *Rederiaktiebolaget Atlanten* v. *Aktieselskabet Korn-Og Foderstof Kompagniet.*

repudiated the contract by refusing to go on with the voyage. P. 316.

Such a clause provides a penalty and leaves the ordinary liability upon the undertakings of the contract unchanged. *Id.*

Presumption that in such a matter the rule on the continent of Europe is the same as in England and the United States. *Id.*

250 Fed. Rep. 935, affirmed.

THE case is stated in the opinion.

*Mr. Clarence Bishop Smith* for petitioner.

*Mr. Roscoe H. Hupper*, with whom *Mr. George H. Terriberry* was on the brief, for respondent.

*Mr. Julius Henry Cohen*, by leave of court, filed a brief as *amicus curiæ*.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a libel in admiralty by a Danish corporation, the respondent here, against a Swedish corporation, owner of the steamship Atlanten, for breach of a charter party made in Denmark, on September 30, 1914. The voyage was to be from a southern port in the United States to Danish ports to be named. On January 8, 1915, the owner (the petitioner) wrote to the charterers that owing to the increased war risk and other difficulties "we are compelled to cancel the Atlanten's charter party Pensacola to Scandinavia, and are ready to take all the consequences the Court after Clause No. 24 in the charter party will compel us to pay, not exceeding the estimated amount of freight." It offered to proceed, however, if the charterers would pay a higher rate. This libel was brought five months later. The owner in its answer admitted the breach, but set up the clause 24 of the char-

ter "Penalty for non-performance of this agreement to be proved damages, not exceeding estimated amount of freight " and clause 21 "If any dispute arises the same to be settled by two referees, one appointed by the Captain and one by charterers or their agents, and if necessary, the arbitrators to appoint an Umpire. The decision . . . shall be final, and any party attempting to revoke this submission to arbitration without leave of a court, shall be liable to pay to the other, or others, as liquidated damages, the estimated amount of chartered freight." It is alleged that by the laws of both Denmark and Sweden such a provision is binding and that arbitration is a condition precedent to the right to sue by reason of any dispute arising under the charter. The case was heard on exceptions to the answer. The District Court made a decree for the libellant for full damages, 232 Fed. Rep. 403, and this decision was affirmed by the Circuit Court of Appeals. 250 Fed. Rep. 935. 163 C. C. A. 185.

With regard to the arbitration clause we shall not consider the general question whether a greater effect should not be given to such clauses than formerly was done, since it is not necessary to do so in order to decide the case before us. For this case it is enough that we agree substantially with the views of Judge Learned Hand in the District Court and Judge Hough in the Circuit Court of Appeals. Their opinion was that the owner repudiated the contract and that the arbitration clause did not apply. It is true that it would be inaccurate to say that the owner repudiated the contract *in toto*, for the letter that we have quoted assumed that the contract was binding and referred to it as fixing the liability incurred. It meant simply that the owner would not proceed with the voyage. *United States* v. *McMullen*, 222 U. S. 460, 471. But we agree that such a refusal was not a "dispute " of the kind referred to in the arbitration clause.

As Judge Hand remarked, the withdrawal was before

the voyage began and it is absurd to suppose that the captain, who might be anywhere in the world, was to be looked up and to pick an arbitrator in such a case. The clause obviously referred to disputes that might arise while the parties were trying to go on with the execution of the contract—not to a repudiation of the substance of the contract, as it is put by Lord Haldane in *Jureidini* v. *National British & Irish Millers Ins. Co., Ltd.,* [1915] A. C. 499, 505. The allegation in the answer as to the law of Denmark and Sweden we do not understand to mean more than that arbitration agreements will be enforced according to their intent. It does not extend the scope or affect the construction of an agreement which, as we should construe it apart from that allegation, does not apply to the present case.

Paragraph 24 of the charter, supposed to limit liability, may be met in similar and other ways. If it were a limitation of liability it hardly could be taken to apply to a case of wilful unexcused refusal to go on with the voyage. It obviously was not intended to give the owner an option to go on or stop at that price. But furthermore, as was fully pointed out below, the clause is a familiar modification of a very old one, and in the courts of England that have had frequent occasion to deal with it, is held to be only a penalty, even in the present form, and to leave the ordinary liability upon the undertakings of the contract unchanged. *Wall* v. *Rederiaktiebolaget Luggude,* [1915] 3 K. B. 66. *Watts, Watts & Co., Ltd.,* v. *Mitsui & Co., Ltd.,* [1917] A. C. 227. [1916] 2 K. B. 826, 844. *Watts* v. *Camors,* 115 U. S. 353. Presumably this is also the continental point of view. We are of opinion that the decree was clearly right.

*Decree affirmed.*