In re **UTILITY OIL CORPORATION.**

No. 290.

Circuit Court of Appeals, Second Circuit.

March 5, 1934.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Cletus Keating, Edwin S. Murphy, L. DeGrove Potter, and Henry L. O'Brien, all of New York City, of counsel), for appellant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Roscoe H. Hupper and William J. Dean, both of New York City, of counsel), for appellee Petroleum Navigation Corporation.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The petition filed alleged that on August 6, 1928, the Petroleum Navigation Company

chartered the steamship Papoose to the appellant for as many consecutive voyages as the vessel could make between Trinidad, British West Indies, and United States ports, north of Cape Hatteras, between January, 1929, and December, 1933. Under clause 23, the charterer might cancel, at its option, three voyages in any one year. On December 5, 1932, it gave notice to the owner canceling three consecutive voyages for the year 1933, the first of which was to take effect on the expiration of the notice of cancellation forty-five days later. This cancellation notice expired January 19, 1933. The petition states that three Trinidad voyages of the ship would have consumed fifty-four days and therefore the vessel was bound to report at Trinidad to load her next cargo March 14, 1933. She did not report on that day; she was then sailing between New York and the Gulf of Mexico, not for the account of the charterer. The petition alleges that the failure to have the vessel at the loading port March 14, 1933, was a breach of the charter. It is also suggested that, even though the cancellation period might not be regarded as beginning until the vessel completed an entire voyage for Gulf ports, not under the charter, beginning January 18, 1933, and ending at Providence, R. I., January 27, 1933, the cancellation period expired March 22, 1933. In that event, it is claimed, there was a breach of the charter by the owner because the vessel did not report for loading on or before March 22, 1933. On March 28, 1933, the appellant advised the appellee that it would not deliver any further cargoes to the vessel. Thereafter a demand was made by the appellee for damages for breach of the charter, which the appellant refused to pay.

The charter contained an arbitration clause reading: "Any dispute arising during performance of this Charter.Party shall be settled by arbitration in New York, Owner and Charterer each appointing an Arbitrator, and the two thus chosen, if they cannot agree, nominating a third whose decision shall be final. Should one of the parties neglect or refuse to appoint an Arbitrator within twenty-one days after receipt of request from the other party, the single Arbitrator appointed shall have the right to decide alone, and his decision shall be binding on both parties. For the purpose of enforcing any award this agreement shall be made a Rule of Court."

The appellee filed a libel in admiralty against the appellant and refuses to arbitrate the dispute. Thereupon this petition was filed. In support of the petition, the appellant invokes section 4 of the United States Arbitration Act (U. S. C. section 4, title 9 [9 USCA § 4]) which provides: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any court of the United States which, save for such agreement, would have jurisdiction under the judicial code at law, in equity, or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * " It further provides: "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. * * * "

The petition sufficiently sets forth the refusal to arbitrate and the grievance of the appellant thereby under the terms of the agreement so to do.

It is to be noted that the agreement to arbitrate was for a dispute arising during the performance of the charter party. The parties had entered into the performance of this contract. According to the appellant's petition, the denial of which raises the issue, there was a termination of performance by the appellant, on breach of the appellee; thus the question presented is whether, on the shipowner's breach of the charter during performance, the charterer is entitled to have the respective rights of the parties determined by an arbitration under the arbitration clause.

The court below, resting its decision on The Atlanten, 252 U. S. 313, 40 S. Ct. 332, 333, 64 L. Ed. 586, held that the appellant was not entitled to an order directing arbitration. In that case the owner repudiated the contract before performance, and the court held that the arbitration clause did not apply. The owner refused to proceed with the voyage there contracted for. The court approved the reasoning in the District Court (232 F. 403), and said that " * * * the withdrawal was before the voyage began and it is absurd to suppose that the captain, who might be anywhere in the world, was to be looked up and to pick an arbitrator in such a case. The clause obviously referred to disputes that might arise while the parties were trying to go on with the execution of the contract—not to a repudiation of the substance of the contract, as it is put by Lord Haldane

in Jureidini v. National British & Irish Millers Ins. Co., Ltd. [1915] A. C. 499, 505."

■ The Atlanten, supra, was decided before the effective date of the United States Arbitration Act (February 12, 1925). Prior thereto an agreement to arbitrate was not recognized as a valid defense to an action, nor was it specifically enforceable in admiralty. Red Cross Line v. Atlantic Fruit Co., 264 U. S. 109, 123, 44 S. Ct. 274, 68 L. Ed. 582. The United States Arbitration Act (9 USCA § 1 et seq.) was intended to change this view. Marine Corp. v. Dreyfus, 284 U. S. 263, 52 S. Ct. 166, 76 L. Ed. 282. See Report 96 Congressional Committee on H. R. 646. It is quite apparent that Congress intended, by the United States Arbitration Act, to validate arbitration agreements as affirmative defenses in admiralty as well as in other courts.

■ There is sufficient averment in the petition that the vessel did not report unloaded as required under the terms of the charter, and a breach on the part of the owner is thereby alleged. It is sufficiently alleged that the ship should have been at Trinidad, British West Indies, ready for loading not later than March 22, 1933, but instead she was engaged on business other than the charterer's, between New York and Gulf ports. There is no provision of the charter which granted an exception of this kind to the vessel owner which would avoid a breach by the owner of the entire engagement. Hasler v. West India S. S. Co., 212 F. 862 (C. C. A. 2). The petition proceeds further in stating that, as a result of this breach by the owner, the charterer elected to terminate further performance and advised the owner accordingly; no further cargoes were to be received. In this situation the claim is that further performance was terminated by the charterer on the breach by the owner.

It is not a repudiation of the contract, as was the case in The Atlanten, supra. A dispute arose under the contract, for here one of the parties, in the opinion of the other, failed to perform. Arbitration clauses are designed to provide remedies for such situations. The fact that the appellant did not continue performance after breach by the appellee did not deprive it of the right to rely on the arbitration clause. Matter of General Footwear Corp. v. Lawrence Leather Co., 252 N. Y. 577, 170 N. E. 149; Matter of Wenger & Co. v. Propper S. H. Mills, 239 N. Y. 199, 146 N. E. 203. But it is argued that the appellant terminated performance and therefore the arbitration clause does not apply. The parties clearly intended to arbitrate "any dispute arising during the performance of this charter party." Their intention so to do should be strictly observed. Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 169 N. E. 386. The arbitration clause must be regarded as covering any dispute which arose after performance began. The whole clause should be considered, and not parts of it. O'Brien v. Miller, 168 U. S. 287, 18 S. Ct. 140, 42 L. Ed. 469.

■ Nothing in the clause requires performance to continue during the dispute or during the arbitration. Performance by the appellant did not end until it exercised its right to terminate performance by the alleged breach of the appellee. It is clear that the parties intended the words "arising during performance" to attach to all disputes arising although performance on both sides had terminated. This dispute arose during performance and is within the scope of the clause.

No sufficient reason is advanced why the purposes of this arbitration clause should not be carried out and the appellee held bound by its agreement.

Order reversed.