**MITSUBISHI SHOJI KAISHA, Limited, v. NICOLAOU et al.**

No. 482.

District Court, E. D. Louisiana, New Orleans Division.

April 18, 1941.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, and Terriberry, Young, Rault & Carroll, of New Orleans, La., for libellant.

Harry F. Stiles, Jr., of New Orleans, La., for respondent.

BORAH, District Judge.

This is a libel in admiralty by a Japanese corporation, the charterer of the steamship

Agios Georgios IV, against the vessel and her foreign owner for breach of a charter party made in New York on October 22, 1940. The charter party provided for a voyage from one safe port in the United States Gulf to two safe ports in Japan for an agreed lump sum charter hire, and contained a clause for arbitration of disputes which reads as follows: "Demurrage or despatch is to be settled at New York. Owners and Charterers agree in case of any dispute or claim to deposit in escrow the amounts involved until such dispute or claim is definitely settled later on between Owners and Charterers by arbitration in New York. Also in case of dispute of any other nature whatsoever same is to be settled by arbitration in New York and in both cases arbitrators are to be commercial men."

Subsequent to the aforementioned date, and after discharging cargo at Havana, the vessel proceeded to New Orleans to go into service under the charter party. However, before tendering the vessel for loading at New Orleans, her owner demanded that before the steamer should sail an irrevocable guarantee of 250,000 pounds sterling should be arranged by charterer, either in London or New York, against possible seizure or detention of the steamer by the Japanese authorities.

On or about November 8, 1940, libellant protested against this unwarranted demand for an irrevocable guarantee and offered to load the vessel immediately upon the owner's withdrawing its demand. But respondent refused to withdraw said demand and to deliver the steamship in accordance with the provisions of the charter party. In consequence, this libel was filed on November 28, 1940, and libellants acquired jurisdiction of the Agios Georgios IV by seizing her in the Eastern District of Louisiana through process of foreign attachment.

The respondent duly appeared and the master claimed the vessel as bailee. There-after, respondent-claimant filed a motion requesting the court to enter an order staying all proceedings herein until an arbitration should be had in accordance with the terms of the arbitration clause of the charter party and the provisons of the United States Arbitration Code, U.S.C.A. Title 9, § 1 et seq. Thus the sole question for determination is whether or not mover is entitled to the relief prayed.

There can be no doubt that the owner's action in demanding an irrevocable guarantee of 250,000 pounds sterling was wholly unwarranted by any provision of the charter party. In refusing to proceed with the performance of its obligations unless the charterer complied with its unjustifiable demand the owner in effect said to the charterer, I will not live up to my agreement of October 22, 1940, unless you agree to enter into an entirely new and different contract containing a new and most burdensome condition. In my opinion the owner's action constituted a repudiation and breach of the charter party, and consequently he is not entitled to insist on a subordinate term of that contract still being enforced. When the present libel was filed the charter party had already been repudiated by the shipowner; consequently, the arbitration clause has no application to the right of libellant to maintain the present suit. The decision of the Supreme Court in The Atlanten, 252 U.S. 313, 40 S. Ct. 332, 64 L.Ed. 586, of the Circuit Court of Appeals, Second Circuit, in The Wilja, 113 F.2d 646, and the rulings of the House of Lords in Jureidini v. National British and Irish Millers Insurance Company, Limited, [1915] A.C. 499, and Hirji Mulji v. Cheong Yue Steamship Company, Limited, [1926] A.C. 497, support the views herein expressed and clearly indicate that the arbitration clause has no application to the right of libellant to maintain the present suit in the District Court.

The application for stay of proceedings pending arbitration is accordingly denied.