## In re PAHLBERG PETITION.

### No. 96.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1942.

See also, D.C., 2 F.R.D. 533.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

Haight, Griffin, Deming & Gardner, Herbert M. Statt and James McKown, Jr., all of New York City, for respondent-appellant Bulk Carriers Corporation.

Kirlin, Campbell, Hickox, Keating & McGrann and Charles R. Hickox, all of New York City, for petitioner-appellee Rud Pahlberg.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order granting the petition of Rud Pahlberg to compel the respondent, Bulk Carriers Corporation, to proceed with arbitration pursuant to Section 4 of the United States Arbitration Act, U.S.C.A. Title 9, § 4.

The owners of the Estonian Steamship "Hildur" agreed to let the steamship, and Bulk Carriers Corporation, to hire her for a period of three consecutive months at the rate of $2.50 per ton on the vessel's total deadweight carrying capacity, represented to be about 3,000 tons. Under the terms of the charter party she was to be placed at the disposal of the charterer not before January 5, 1940, and not later than May 15, 1940, but was never delivered to the charterer.

The charter party contained an arbitration clause which read as follows: "That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen, their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

The charterer filed a libel against the owners of the vessel to recover $25,000 damages for failure of the latter to perform its contract by delivering the "Hildur" to the libellant for the carriage of merchandise within the range of limits set forth in the contract. After vainly demanding an arbitration, the owners of the "Hildur" moved in the District Court on October 24, 1941, for an order staying the pending action until arbitration could be had pursuant to Section 3 of the Arbitration Act, 9 U.S.C.A. § 3. This motion was denied upon the authority of The Wilja, 2 Cir., 113 F.2d 646, and the denial was affirmed on reargument. Thereafter, and on or about January 29, 1942, Rud Pahlberg, the petitioner-appellee, and one of the alleged owners of the "Hildur," filed an independent petition to compel arbitration pursuant to Section 4 of the United States Arbitration Act and his petition was granted.

■ The denial of the motion for a stay under Section 3 of the Arbitration Act resulted in an order which, because it was interlocutory, was not res judicata in respect to the later order directing the charterer to proceed to arbitration pursuant to Section 4. Joseph T. Ryerson & Son v. Bullard Machine Tool Co., 2 Cir., 79 F.2d 192.

■ Aside from the fact that the order denying a stay was interlocutory, it is entirely clear from the decision of the Supreme Court in Shanferoke Coal & Supply Corp. v. Westchester Service

Corp., 293 U.S. 449, 452, 55 S.Ct. 313, 79 L.Ed. 583, that the power given by Section 3 of the Arbitration Act to grant a stay until arbitration is not confined to cases in which arbitration may be compelled under Section 4 of the Act. Therefore, application for a stay under Section 3 did not exclude the right to proceed under Section 4 of the Act to enforce arbitration. See, also, In re Utility Oil Corporation, 2 Cir., 69 F.2d 524.

■ The statement in The Wilja, 2 Cir., 113 F.2d 646, that the arbitration clause there being considered could not be invoked because the charter had been repudiated was not the ground on which that decision properly rested, but the proper ground, as was noted in Kulukundis Shipping Company v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978, was the actual impossibility of arbitration. In view of the discussion in Kulukundis Shipping Company v. Amtorg Trading Corp., and the recent decision of the House of Lords in Heyman v. Darwins (1942), A.C. 356, we think that the dictum in The Wilja, supra, was not controlling upon the court below and that under the language of the arbitration clause in the charter party before us the repudiation of the charter by the owners, by failure to deliver the ship, was to be fairly regarded as a dispute arising between the parties referable to arbitration within Section 17 of the charter party. The somewhat confused interpretation of the British Arbitration Act in various decisions of the British Courts has been recently clarified by the House of Lords in Heyman v. Darwins, supra, which reached a conclusion similar to the one this court arrived at in Kulukundis Shipping Company v. Amtorg Trading Corp., namely, that under a clause providing for arbitration of "any dispute * * * between the parties * * * in respect of this agreement or any of the provisions herein contained or anything arising hereout * * *" arbitration may be compelled except as to the issue whether the contract containing the clause was ever made or was void for fraud or other illegality. In Heyman v. Darwins, the Lord Chancellor remarked:

"An arbitration clause is a written submission, agreed to by the parties to the contract, and, like other written submissions to arbitration, must be construed according to its language and in the light of the circumstances in which it is made. If the dispute is whether the contract which contains the clause has ever been entered into at all, that issue cannot go to arbitration under the clause, for the party who denies that he has ever entered into the contract is thereby denying that he has ever joined in the submission. Similarly, if one party to the alleged contract is contending that it is void ab initio (because, for example, the making of such a contract is illegal), the arbitration clause cannot operate, for on this view the clause itself also is void. But, in a situation where the parties are at one in asserting that they entered into a binding contract, but a difference has arisen between them whether there has been a breach by one side or the other, or whether circumstances have arisen which have discharged one or both parties from further performance, such differences should be regarded as differences which have arisen 'in respect of,' or 'with regard to,' or 'under' the contract, and an arbitration clause which uses these, or similar, expressions should be construed accordingly." (1942) A.C. 356, 366.

The foregoing language of the Lord Chancellor in Heyman v. Darwins, and the reasoning of this court in Kulukundis Shipping Company v. Amtorg Trading Corp., justify the conclusion of the District Court that the refusal of the owners to deliver the "Hildur," pursuant to the terms of the charter party, even though it amounted to a total nonperformance of the contract, did not prevent the petitioner from resorting to arbitration under Clause 17. We think that Section 2 of the Arbitration Act, quoted below,[1] covers just such arbitrations as were provided for by that clause.

■ We have doubtless gone somewhat afield in discussing the merits of

---

[1] A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C.A. § 2.

the present appeal. We have done this in order to define the limits of our decision in The Wilja, supra, for litigations over the scope of arbitration clauses which are likely to arise in the future. Under the ruling of the Supreme Court in Schoenamsgruber v. Hamburg Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989, an order directing parties to proceed to arbitration was held not appealable because interlocutory. Accordingly no appeal lies from the order sought to be reviewed, since it is interlocutory, and the pending appeal must be dismissed.

Appeal dismissed.