Bigham, Englar, Jones & Houston, of New York City, and Batchelor & Dyer, of Miami, Fla., for libelant.

Cody Fowler, of Miami, Fla., for respondents.

## AMERICAN SUGAR REFINING CO. v. THE ANACONDA et al.

### No. 355-M.

District Court, S. D. Florida, Miami Division.

Jan. 14, 1943.

HOLLAND, District Judge.

The barge "Anaconda" is under libel filed January 6, 1943, by The American Sugar Refining Company against the said barge and Atwacoal Transportation Company, in a cause of contract and cargo damage, civil and maritime. Atwacoal Transportation Company appears specially and contests the jurisdiction of the Court, asserting that said respondent is a corporation under the laws of the State of Virginia, with no office, place of business, or agent, within the State of Florida, and that the charter party between the libelant and said respondent contains a clause as follows: "Fifteenth: Any and all differences and disputes of whatsoever nature arising out of this charter shall be put to arbitration at the final place of discharge unless the parties hereto otherwise agree pursuant to the provisions of the United States Arbitration Act (Title 9, of U.S.C.A., Chapter 213 of the Act of Feb. 12, [1925] 1952, 43 Stat. [883] 833) except that the provisions of Section 8 thereof shall not apply to any arbitration thereunder."

Respondent also asserts that the sole basis for the filing of the libel in this action, and the issuance of the attachment thereunder, was based upon 9 U.S.C.A. 8, same being the United States Arbitration Act, which the parties specifically eliminated. Respondent concludes with the assertion that any benefits or rights under said Section are not available to the libelant, the sole purpose of said Section being to give the aggrieved party the benefit of jurisdiction in rem, and the benefit of security obtained by attachment, which under said Clause 15 of the charter party is not available to the libelant. Said re-

spondent concludes that the libelant has no right to any benefits under the libel in this case, that the Court has no jurisdiction of the barge Anaconda, nor of Smith-Rowland Company, Inc., and that the cause should be dismissed, the attachment dissolved, and the Anaconda restored to the master and owner.

The special appearance was treated as a motion to dismiss, and on notice the cause was heard on Tuesday, January 12, 1943. At the hearing, which was attended by proctors for the libelant and the respondent, photostatic copies of the charter party and of the bill of lading were introduced in evidence, and the case submitted.

### Findings of Fact.

The charter party was made and concluded December 9, 1942, between Smith-Rowland Company, Inc., owner of the barge Anaconda and The American Sugar Refining Company, charterer. The charter party contains Clause 15, as follows: "Fifteenth. Any and all differences and disputes of whatsoever nature arising out of this charter party shall be put to arbitration at the final place of discharge unless the parties hereto otherwise agree pursuant to the provisions of the United States Arbitration Act (Title 9 of U.S.C., Chapter 213 of the Act of Feb. 12, [1925] 1952, 43 Stat. [883] 833) except that the provisions of Section 8 thereof shall not apply to any arbitration here under. The decision of any two of the three on any point or points shall be final. Either party hereto may call for such arbitration by service upon any other officer of the other, wherever he may be found, of a written notice specifying the name and address of the arbitrator chosen by the first moving party and a brief description of the disputes or differences which such party desires to put to arbitration. If the other party shall not, by notice served upon an officer of the first moving party within twenty days of the service of such first notice, appoint its arbitrator to arbitrate the dispute or differences specified, then the first moving party shall have the right without further notice to appoint a second arbitrator, who shall be a disinterested person, with precisely the same force and effect as if said second arbitrator had been appointed by the other party. In the event that the two arbitrators fail to appoint a third arbitrator within twenty days of the appointment of the second arbitrator, either arbitrator may apply to a Judge or any court of maritime jurisdiction in the city above mentioned for the appointment of a third arbitrator, and the appointment of such arbitrator by such Judge on such application shall have precisely the same force and effect as if such arbitrator had been appointed by the two arbitrators. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on an officer of the other party to specify further disputes or differences under this Charter for hearing and determination. Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises."

Bill of lading duly issued December 24, 1942, acknowledging receipt for shipment of a certain number of bags of cane sugar at Havana, Cuba, from The Cuban American Sugar Company, shipper, to The American Sugar Refining Company, consignee, with the destination of port of discharge from ship as Port Everglades, Florida.

### Conclusions of Law.

■■ I first approach the case from an abstract standpoint. The Arbitration Act of February 12, 1925, 9 U.S.C.A. § 1 et seq., gave validity, with incident enforceability, to arbitration agreements with reference to maritime transactions or those involving interstate commerce. Arbitration encroaches upon the functions of the courts in the settlement of controversy, but there is a studied effort in the Arbitration Act to provide for the enforceability in designated tribunals of the decisions reached by arbitration boards. Where one party to a controversy institutes a court action, and the adversary brings to the attention of the court the fact that arbitration had been agreed to between the disagreeing parties, provision is made for the stay of such court action awaiting the determination of the arbitrators. Likewise, provision is made for action by the courts in appointing an arbitrator when the organization of the arbitration board is being brought about by the failure, neglect, or the refusal of one of the parties. By Section 8 there is preserved the recognized right of a proposed libelant to proceed with libel to obtain the seizure of the ves-

sel or other property of the alleged offending party. By written agreement members to a charter party may agree for arbitration of their differences, and may further agree to forego the rights preserved by Section 8 during the period of arbitration. Thereby the parties to the charter party do not attempt to do violence to courts of admiralty in the exercise of jurisdiction over parties and subject matter. Section 8 preserves the right of obtaining security for the enforcement of the arbitration award, and if parties to a written agreement see occasion to waive that right, and by solemn agreement provide that no libel is to be filed, and no vessel or other property seized prior to the award of the arbitration board, and at the same time they provide that the arbitration award may be enforced in a specified manner is securing the enforcement process of the courts, then, in that event, it seems perfectly clear that the parties have done no violence to, and have not disturbed recognized jurisdiction of, courts of admiralty.

Next I proceed to examine the charter party, and apply this principle of law in the abstract to this case now presented. It is very clear from the charter party that the parties agreed that their differences or disputes should be put to arbitration pursuant to the Arbitration Act, with a very definite exception as to provisions of Section 8 of the Act. Libelant contends that this provision is not pertinent here because there is at this time in process of operation no arbitration proceedings. But the determining factor is not at this time whether there is any pending arbitration, but on the other hand the parties have agreed that if the right to arbitrate exists, then in that event Section 8 is not to apply. The charter party continues with a clear provision for the appointment of an arbitrator, and application to a judge of any court of maritime jurisdiction in the city at the final place of discharge of the cargo. And further, the agreement provides that awards made in pursuance of the arbitration may become a judgment in any court having jurisdiction in the premises. The parties agreed to forego the security that comes from the filing of a libel and the seizure of the vessel or other security, and preserved all the attributes of a court of admiralty for the enforcement of the arbitration award.

The libelant strongly contends that with the institution of the libel proceedings, with the seizure of the Anaconda prior to any arbitration proceedings being instituted, that Section 3, 9 U.S.CA. § 3, applies and that this suit should not be dismissed, and at most that the trial be stayed until the coming in of the arbitration award. An application of Section 3 would destroy the effect of the agreement of the parties.

I hold that the parties to this charter party definitely agreed to forego the security that is obtained by the filing of a libel; they definitely agreed to forego that privilege during arbitration, and expressly made provision for the full recognition of admiralty jurisdiction in the enforcement of the arbitration award. The mere fact that one of the parties filed the libel prior to the appointment of any or all of the arbitrators is not to interfere with the agreement of the parties, which is that differences and disputes arising out of the charter party are to be put to arbitration pursuant to the Act, and that the provisions of Section 8 of the Act are not to apply to any arbitration. I construe this clause to include arbitration sought before the filing of a libel as well as arbitration after an attempted effort to litigate by libel proceedings. The libelant has contravened and violated the express provisions of the charter party in filing the libel. A libel improperly filed should be dismissed.

Libelant relies upon certain provisions of the bill of lading. This contention adds no weight to the libelant's position. The agreement set forth in the bill of lading as determining the rights of the parties here should be applied by the arbitrators.

Having arrived at these conclusions, I have this day signed an order dismissing this action.