## AMERICAN SUGAR REFINING CO. v. THE ANACONDA et al.

### No. 10671.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1943.

Henry N. Longley, of New York City, for appellant.

Cody Fowler, of Miami, Fla., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and RUSSELL, District Judge.

## HUTCHESON, Circuit Judge.

Appellant filed its libel in rem against the barge "Anaconda" and in personam against Smith-Rowland Company, Inc., its owner. In due course the barge was seized under process in rem and as Smith-Rowland Company's property under foreign attachment in the suit in personam. Appellee Smith-Rowland Company, Inc. appeared specially and excepted to the jurisdiction of the court on the grounds:, that the contract of charter-party on which the libel was based contained a provision for arbitration; that jurisdiction of the cause of action set out in the libel existed, therefore, only by reason of the United States Arbitration Act, 9 U.S.C.A. § 1; and that the parties, having provided that "the provisions of Sec. 8 of the Act shall not apply to any arbitration thereunder", thereby agreed to and did oust the jurisdiction in rem of the admiralty courts and deprive those courts of the right to proceed by libel and seizure of the vessel or other property according to the usual course of admiralty proceedings. The district judge treated the exception as a motion to dismiss; held that the invoked provision of the charter-party [1] was a valid agreement to waive security pending arbitration, and had the effect of ousting the admiralty jurisdiction based on seizure;[2] declined the libelant's request to stay the proceedings under Sec. 3 of the Act; and dismissed the libel. Libelant is here insisting that, in so ruling, the district judge completely misapprehended the nature and effect of the invoked agreement, and particularly misapprehended the purport and effect of the arbitration act and its effect upon agreements attempting to oust the established jurisdiction in admiralty and to provide that parties may not resort to the procedure provided by the Act.

We agree with appellant. The libel sets out a cause of action within the admiralty jurisdiction. This being so, and jurisdiction having been obtained by seizure in accordance with recognized admiralty procedure and the provisions of the Act, it should have been maintained. The district judge thought and said that the charter-party agreement, "except that the provisions of section 8 thereof shall not apply to any arbitration thereunder", was an effective waiver not only of the right to invoke the in rem jurisdiction of admiralty but also, because the vessel had been seized under foreign attachment, of the right to proceed in personam. But this will not at all do. The law is, and always has been, in the absence of a statute authorizing them to do so, that parties may not by private agreement oust the jurisdiction of the courts, 3 Am.Jur. Sec. 4, p. 834 et seq. It was, therefore, settled law, prior to the enactment of the arbitration act, that an agreement to arbitrate would not be specifically enforced in United States Courts, nor be recognized as a defense to an action.[3] The act was passed not to

---

[1] "Fifteenth: Any and all differences and disputes of whatsoever nature arising out of this charter shall be put to arbitration at the final place of discharge unless the parties hereto otherwise agree pursuant to the provisions of the United States Arbitration Act (Title 9, of U.S.C.A., Chapter 213 of the Act of Feb. 12 (1925) 1952, 43 Stat. (883) 833) except that the provisions of Section 8 thereof shall not apply to any arbitration thereunder." [48 F. Supp. 385.]

[2] He said "by section 8 there is preserved the recognized right of a proposed libelant to proceed with libel to obtain the seizure of the vessel or other property of the alleged offending party. By written agreement members to a charter party may agree for arbitration of their differences, and may further agree to forego the rights preserved by section 8 during the period of arbitration. Thereby the parties to the charter party do not attempt to do violence to courts of admiralty in the exercise of jurisdiction over parties and subject matter."

[3] Continental Grain Co. v. Dant & Russell, 9 Cir., 118 F.2d 967; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109,

oust the jurisdiction of the courts but to provide for maintaining their jurisdiction while at the same time recognizing arbitration agreements as affirmative defenses and providing a forum for their specific enforcement.[4]

Assuming then, without deciding, that the provision for excepting section 8 had the purpose attributed to it by the district judge of preventing the filing of a libel in rem or the issuance of seizure process and thus of ousting to that extent the jurisdiction of the admiralty courts and nullifying the provision of Sec. 8 of the act expressly authorizing such procedure, such purpose cannot be given effect. We suppose no one would claim validity for an arbitration agreement which provided broadly that no suit of any kind could be brought in an admiralty court and that none of the provisions of the arbitration act should apply. The clause in question, if given the effect contended for it, is, to the extent that it ousts the jurisdiction of the court and nullifies the provisions of the act, as clearly invalid as the more general one would be. It must be remembered that Sec. 8 of the Act did not confer jurisdiction in admiralty to proceed by seizure in rem or in aid of a suit in personam. That jurisdiction had long existed in admiralty, that jurisdiction parties to an arbitration agreement cannot agree away. The purpose and effect of Section 8 was to leave in no doubt that the right conferred by Section 4 in effect to require specific performance of an arbitration agreement would be available as well in suits where property was seized as in those where it was not. Courts will not construe an arbitration agreement as ousting them of their jurisdiction unless such construction is inevitable, American Gty. Co. v. Caldwell, 9 Cir., 72 F.2d 209. In consonance with that rule, the clause excepting Section 8 should be given the effect, and that only, of providing that the parties could, but they were not obliged to resort to arbitration without first proceeding by seizure as provided for in Sec. 8. So construed, as permitting, but not binding, the parties not to invoke the provisions

of Sec. 8 as a condition of arbitration, the agreement would be valid, and if, without suing, the parties had completely executed the agreement to arbitrate, it might well be that the waiver of proceedings under Sec. 8 could have been enforced. But an arbitration agreement may be repudiated, waived or abandoned by one or both of the parties to it.[5] Appellant's act, in electing to sue without adverting to or declaring on the arbitration agreement, was an attempted repudiation of the agreement, and while appellee, if it elected to hold to it, had the right, to plead the agreement to arbitrate as a defense, to obtain its enforcement, and to stay the suit while the arbitration proceedings were going forward, the agreement did not oust the jurisdiction of the court to entertain the suit. It did not give appellee the right to have the suit dismissed. The judgment dismissing the suit was wrong. It is reversed, and the cause is remanded for further and not inconsistent proceedings.

---

[4] In re Utility Oil Corp., 2 Cir., 69 F. 2d 524, 525. Cf. Petition of Pahlberg, supra.

44 S.Ct. 274, 68 L.Ed. 582; Insurance Co. v. Morse, 20 Wall. 445, 22 L.Ed. 365; Tatsuuma K. K. K. v. Prescott, 9 Cir., 4 F.2d 670; The Howick Hall, D. C., 10 F.2d 162. See also Petition of Pahlberg, D.C., 43 F.Supp. 761.

[5] The Quarrington Court, D.C., 25 F. Supp. 665; The Belize, D.C., 25 F.Supp. 663; Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004; Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co., 7 Cir., 128 F.2d 411; La Nacional Platanera v. North American Fruit & Steamship Corp., 5 Cir., 84 F.2d 881.