**ASSOCIATED METALS & MINERALS CORP. v. SOCIETA ANONIMA IMPORTAZIONE CARBONI, E NAVIGAZIONE SAVONA.**

United States District Court
S. D. New York.
Dec. 11, 1952.

---

Nelson, Healy, Baillie & Burke, New York City, for petitioner.

Renato C. Giallorenzi, New York City, for respondent.

SUGARMAN, District Judge.

Associated Metals & Minerals Corporation petitions this court for an order directing respondent Societa Anonima Importazione Carboni E Navigazione Savona to proceed to arbitration in accordance with Clause 28 of the Charter Party concluded between petitioner and respondent on March 5, 1952.

The charter in pertinent part provides that the vessel the S. S. Ninfea

"shall proceed to Yawata, Japan, finishing at Moji, Japan, shifting time and expenses to be for vessel's account, or so near thereto as she may safely get and lie always afloat, and there load a *full and complete cargo* (if shipment of deck cargo agreed same to be at Charterers' risk) of Minimum Nine Thousand Metric Tons (9000) Steel Plates, Charterer's option up to 5% more (Charterers to provide all mats and/or wood for dunnage and any separations required, the Owners allowing the use of any dunnage wood on board if required) which the Charterers bind themselves to ship, and being so loaded the vessel shall proceed to Montreal, Canada." (Emphasis supplied.)

Clause 28 provides:

"It is mutually agreed that should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York for arbitration, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement

may be made a rule of the Court. The Arbitrators shall be commercial men. Should the two so chosen not be able to agree who the third Arbitrator should be, then the New York Produce Exchange is to appoint such third Arbiter. The amount in dispute shall be placed in escrow at New York, subject to the decision of the arbitrators."

The petition alleges that the vessel duly loaded the steel in Japan and commenced the return voyage but, contrary to the petitioner's instructions, the owner caused her to deviate from the voyage and to load on deck a part cargo of steel pipe at San Francisco. This steel pipe was carried to La Guiara, Venezuela, and then the Ninfea proceeded to Montreal, where the steel plate was discharged.

The charterer claims that, having hired the entire ship, it is entitled to the freight received by respondent for the carriage of the steel pipe to La Guiara, and it has demanded that respondent proceed to arbitrate this claim under the terms of the charter.

The respondent urges that the charter did not reserve the full reach of the vessel to petitioner but only so much thereof as was required to load the tonnage of steel plate specified in the charter party. Therefore, it contends, the freight earned by the vessel in carrying the steel pipe is not subject to any claim of petitioner and consequently, there is no dispute to submit to arbitration.

The question whether the charter gave the petitioner the rights claimed in the petition entitling it to the freights growing from carriage of the deck cargo is a dispute which the parties have agreed to settle by arbitration,[1] and accordingly, the motion is granted.[2]

Settle order fixing the time within which respondent will appoint its arbitrator and naming an escrow agent for the funds involved in this dispute.

1. Goldhill Trading & Shipping Co., S. A. Panama v. Caribbean Shipping Co., D.

C.S.D.N.Y., 56 F.Supp. 31; In re Pahlberg Petition, 2 Cir., 131 F.2d 968.

2. 9 U.S.C.A. § 4.