JAMES ASSOCIATES (USA) LTD., a Colorado corporation Plaintiff,

v.

ANHUI MACHINERY & EQUIPMENT IMPORT AND EXPORT CORPORA-TION, a business entity of the Peoples Republic of China, Defendant.

No. CIV.A. 99–K–1436.

United States District Court, D. Colorado.

Oct. 11, 2001.

Robert Leon McGee, Jr., Bayer, Carey & McGee, Denver, CO, for Plaintiff.

Marc D. Flink, John B. Moorhead, Baker & Hostetler, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an international business dispute between Anhui, a Chinese machinery and equipment company, and James Associates, an American business entity, arising out of a 1998 agreement in which Anhui agreed to sell business machinery and equipment to James exclusively for resale in the U.S. James filed the instant lawsuit against Anhui in July, 1999 claiming Anhui had breached the agreement by making

contact with James's customers and attempting to sell them machinery and equipment directly, and seeking declaratory and injunctive relief to make it stop.

The parties have fully briefed the issues set forth in Anhui's Motion to Dismiss for lack of Subject Matter and Personal Jurisdiction and to Vacate the Injunction [1]. At the hearing on the previous motions on June 21, 2001, I vacated the default judgment, retained the injunction until the arbitration panel takes jurisdiction of the case, and reiterated that this court has personal jurisdiction over Anhui by virtue of effective service of process.

In response to questions by Anhui's counsel regarding jurisdictional challenges I said, "[y]ou do not need leave to do it. You can attack the jurisdiction of this court at any time. All I'm telling you is that right now, my finding is that I have personal jurisdiction over your client, that I have entered an order, and the order is in aid of arbitration. And the way for your client to get out from under the onus of being subject to the orders of this court is to commence arbitration." Tr. 11:5–12

## STANDARD OF REVIEW

I already denied Anhui's motions to dismiss for lack of personal and subject matter jurisdiction and there is nothing new in the current motion that would change that result. "The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction...." *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170 (10th Cir.1992, *citing*, *Ten Mile Indus. Park v. Western Plains Serv.*, 810 F.2d 1518, 1524 (10th Cir.1987)). Facts regarding jurisdictional questions

may be determined by reference to affidavits, *see Rambo*, 839 F.2d at 1417, by a pretrial evidentiary hearing, *see Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981), or at trial when the jurisdictional issue is dependent upon a decision on the merits. *See Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir.1965).

I issued the injunction after a March 22,2000 hearing on the issues as presented by James. Anhui did not appear. "Preliminary injunctive relief, however, is designed to preserve the *status quo* of the parties in an ongoing action and is available when it is necessary 'to protect the integrity of the applicable dispute resolution process.' *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806, 814 (3d Cir.1989). Whether preliminary injunctive relief is available in actions governed by the Arbitration Act is not a completely settled area of federal law, but the majority of courts now hold that a grant of preliminary injunctive relief is not inconsistent with the Act, 'provided the court properly exercises its discretion in issuing the relief.'" *Tennessee Imports, Inc. v. Filippi* 745 F.Supp. 1314, 1329, *citing id.* at 811.

In this case there have been both affidavits and a hearing and the result is the same. The motion to dismiss for lack of personal and subject matter jurisdiction is denied.

This court has retained jurisdiction in this case, not to supplant arbitration, but to support it. The injunction is in place "pending a final hearing and determination pursuant to arbitration." Permanent Injunction 3/22/00, pg. 2.[2] I await a specific event that will signal commencement of arbitration such as notice to this court of

---

1. This motion is substantially the same motion Anhui filed March 16, 2001. That motion which included the motion to set aside default judgment was the basis of the hearing

in June, 2001. There are no new arguments presented in the pending motions.

2. At the June 21, 2001 hearing, I said, "once you file for the arbitration and other side has

appointment of the arbitrators or notice of the date of the actual arbitration pursuant to the UNCITRAL Rules[3].

■ Anhui has re-filed the subject motions challenging personal and subject matter jurisdiction and requesting vacation of the injunction. At the hearing in June, I found "...a corporation cannot appear pro se and litigate, but a corporation can and frequently does recognize that it has been served. And due process requires notice and an opportunity to be heard. It does not require the realization of that opportunity to be heard. So if the corporation chooses not to appear, that's a matter of its own making, not the court's. Anhui Corporation was served, and it is a litigant before this court. It was incumbent upon Anhui to do something more than simply ignore the proceedings. It should have done a long time ago what it eventually did, and that is to obtain the services of competent counsel to appear for it in this court." Tr. 4:3–15 While Anhui's counsel is able retrospectively to argue that Anhui did not submit to the jurisdiction of this court, the answer/docu-ment filed with the court by Anhui suggests otherwise.[4]

■ This court has properly retained subject matter jurisdiction "in aid of arbitration." The cases cited by Anhui in support of its contrary argument are not helpful. The 10th circuit case cited, *Riley v. Kingsley Underwriting Agencies, Ltd.* 969 F.2d 953, cert. denied, 506 U.S. 1021, 113 S.Ct. 658, 121 L.Ed.2d 584 (1992) does not speak to jurisdiction, but rather analyzed a forum selection clause in an international agreement and found it to be enforceable. The language quoted by Anhui refers to a provision of the Convention on the Enforcement of Foreign Arbitral Awards ratified by the United States September 30, 1970, 21 U.S.T. 2517, T.I.A.S. No. 6997 ("the Convention") and does not say that arbitration and jurisdiction are mutually exclusive.

The *McCreary* and *Tennessee Imports* cases relied upon by Anhui do not support their argument that this court is divested of jurisdiction to issue any form of injunctive relief. The *McCreary* case was premised upon a widely criticized,[5] narrow read-

agreed to it and they are exercising arbitral jurisdiction, that's when the injunction stops." Tr. 6:9–12.

3. In their current status reports, the parties do not agree upon their respective efforts/reticence to commence arbitration. Since the various international arbitration groups have different rules and procedures for conducting arbitration, it will be difficult to know when arbitration in this case commences. In order to give effect to the termination of the injunction it must be tied to an identifiable event of commencement.

4. The answer/document filed with the court on November 1, 1999 is denominated as an "Answer to your Civil Action File No. 99–K–1436" and states that it was "submitted through Bureau of Int'l. Judicial Assistance, Bejing." The answer/document clearly sets forth the position of Anhui that this court does not have jurisdiction because of the mandatory arbitration provision in the con-tract. Anhui objected to this action on the merits and most strenuously on the grounds that any dispute was subject to arbitration. The relief requested in Anhui's answer/document was: deny jurisdiction and refer the matter to arbitration. The answer/document was signed by Ruming Li (General Manager). An original was filed with the court and a copy was sent to Plaintiff's Counsel. Given the international business relationships presented in this case and the unknown variables of language and cultural comprehension of our rules of procedure, it appeared to me that Anhui had submitted to the jurisdiction of this court.

5. "The court disagrees with Apex and McCreary and concludes that Article II(3) of the Convention does not deprive the court of subject matter jurisdiction over this action and particularly to order provisional relief, e.g., a pre-arbitral award writ of attachment pending reference to arbitration and pending

ing of the language of the Convention and was wrapped around different facts. In that case Defendant CEAT requested release of property from a foreign attachment (a Pennsylvania state court decree) and to permit arbitration. The third circuit concluded the foreign attachment was a "...violation of *McCreary* 's agreement to submit the underlying disputes to arbitration, and that the Convention obliges the district court to recognize and enforce the agreement to arbitrate. Quite possibly foreign attachment may be available for the enforcement of an arbitration award.[internal footnote omitted] This complaint does not seek to enforce an arbitration award by foreign attachment. It seeks to bypass the agreed upon method of settling disputes. Such a bypass is prohibited by the Convention if one party to the agreement objects." *McCreary Tire & Rubber Co. v. CEAT S. P. A.* 501 F.2d 1032, 1038 (3rd Cir.1974)

In the *Tennessee* case the court specifically found, "[a]lthough the Court agrees with the *McCreary* court that referral to arbitration is mandatory under the Convention and the Act, the Court does not see that the language of the Convention and the Act clearly mandates referral to arbitration exclusively in the form of either a dismissal or a stay of arbitrable issues. Nor does the Court find any language which suggests that the Convention and the Act cannot accommodate both methods of referral. The Restatement (Third) of the Foreign Relations Law of the United States (1986) [the 'Restatement'] reaches the same conclusion. Section 487 of the Restatement provides in part: (2) a court in a state party to the Convention must, at the request of any party stay or dismiss the action pending arbitration if an agreement to arbitrate falling under the Convention is in effect

and covers the controversy on which the action is based. (Emphasis added). The Restatement also recognizes the court's authority to compel arbitration when appropriate." *See* Restatement §§ 487, comment e. *Tennessee Imports, Inc. v. Filippi* 745 F.Supp. 1314, 1324.

Moreover, these cases do not reflect current judicial thinking on this matter. That analysis is most clearly spelled by the first circuit in the recent case, *DiMercurio v. Sphere Drake Insurance*, 202 F.3d 71 (1st Cir.2000) In that case (also based upon an international arbitration agreement), within the context of a challenge to the validity of an arbitration clause, the court considered the relationship between international arbitration provisions and jurisdiction. First the court found, "An arbitration provision in an international commercial agreement such as the London-issued insurance policy in this case is governed by Chapter Two of the Federal Arbitration Act ('FAA'), 9 U.S.C. §§§§ 201–208, which implemented the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ('the Convention'), ratified by the United States, September 30, 1970, 21 U.S.T. 2517, T.I.A.S. No. 6997 (reprinted following 9 U.S.C. §§ 201)." *Id.* at 74.

■ Although neither party addresses the applicability of the FAA, the James/Anhui agreement appears to be governed by the FAA. "The act was passed not to oust the jurisdiction of the courts but to provide for maintaining their jurisdiction while at the same time recognizing arbitration agreements as affirmative defenses and providing a forum for their specific enforcement." *Id.* at 76, citing *American Sugar Refining Co. v. The Anaconda*, 138 F.2d 765 (5th Cir.1943),

the conclusion of the arbitration proceedings." *China Nat. Metal Products Import/Ex-*

*port Co. v. Apex Digital, Inc.* 155 F.Supp.2d 1174, 1180(C.D.Cal.2001)

*aff'd,* 322 U.S. 42, 64 S.Ct. 863, 88 L.Ed. 1117 (1944). Finally the court discusses the current thinking on arbitration "[T]he prevailing attitude has changed." While some of the authority on which DiMercurio relies may reflect his view that arbitration without the restorative effect of the FAA unlawfully ousts a court of jurisdiction, that view has lost much, if not all, of the legitimacy it once may have had. See *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626–27, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) ("[W]e are well past the time when judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals inhibited the development of arbitration as an alternative means of dispute resolution."). Agreements to arbitrate are now typically viewed as contractual arrangements for resolving disputes rather than as an appropriation of a court's jurisdiction. *See, e.g., Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 57, 115 S.Ct. 1212, 131 L.Ed.2d 76, (1995) *Id.* at 76, 115 S.Ct. 1212.

This court has exercised jurisdiction in this case to aid in arbitration and the injunction will terminate upon commencement of arbitration. Despite Anhui's assertions to the contrary, the parties have not yet entered into arbitration. James has made the proper Request for Designation of an Appointing Authority by the Secretary–General of the Permanent Court of Arbitration under the UNCITRAL Arbitration Rules and paid the $600.00 fee. The litany of efforts to initiate arbitration described in James' status report, and the continued assertions by Anhui that James is avoiding arbitration evidence a disjunction. James has initiated the cause of action in this case, but both parties recognize they have a dispute and both agree that arbitration is the means of resolution. In spite of this, Anhui has done nothing itself nor participated in James' efforts to begin arbitration. An-

hui's only motivation seems to be this court's tenacity in prodding them into arbitration. Therein lies the court's role in this matter, to assist the parties to enter arbitration. The motion is denied.